UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRINCETON S. VALLO** | : | **DOCKET NO. 17-cv-720** |
| D.O.C. # 130190/545296 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se civil rights complaint filed by Princeton S. Vallo, who is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. Vallo is currently incarcerated at Caddo Correctional Center in Shreveport, Louisiana, but his claims relate to events that occurred while he was incarcerated at Allen Correctional Center in Kinder, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Vallo filed suit in this court on or about June 1, 2017. Doc. 1. This court conducted an initial review of Vallo's complaint and identified a number of deficiencies. Doc. 16. Accordingly, Vallo was ordered to amend the complaint within thirty days, by memorandum order dated January 31, 2018. *Id.* Since that time, the court has received no response to the order or other communication from Vallo.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Vallo failed to respond to the court's amend order, and his time for complying has elapsed. Accordingly, **IT IS RECOMMENDED** that Vallo's complaint be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE